UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RANDALL GLEN MATTHEWS** | **CIV. ACTION NO. 5:23-00894** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CITY OF BOSSIER CITY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a compound motion for partial dismissal for failure to state a claim upon which relief can be granted and to stay remaining claims [doc. # 9] filed by Defendants City of Bossier City, Robbie Gilbert, and Danny Louis Turner. The motion is opposed. For reasons set forth below, it is recommended that the motion to dismiss be GRANTED IN PART and DENIED IN PART and that the motion to stay be GRANTED.

**Background**

On July 7, 2023, Plaintiff Randall Glen Matthews ("Matthews") filed the instant civil rights suit against Defendants, City of Bossier City (the "City"), City Deputy Marshal Robbie Gilbert ("Gilbert" or "Deputy Gilbert'), and City Police Officer Danny Louis Turner ("Turner" or "Officer Turner") (collectively, "Defendants"), to vindicate his rights under the United States and Louisiana Constitutions. (Complaint). Less than two hours after he filed his original complaint, Matthews filed an Amended Complaint, which, because it neither adopted nor incorporated by reference the earlier pleading, became the operative pleading in the case.[1]

---

[1] An "amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).
    For ease of reference, the court will refer to the Amended Complaint as the "Complaint," and

(Compl. [doc. # 3]).

In his Complaint, Matthews alleges that Defendants are conspiring to target, harass, and harm him because of "who he is in the community . . ." (Compl., ¶ 9). He further alleges that Defendants retaliated against him for exercising his rights to petition for redress, for accessing the courts, and for speaking out about matters of public concern. *Id.*, ¶ 17. Matthews recounts several incidents in his Complaint to support his suspicions.

First, Matthews alleges that, on December 17, 2021, while he was shopping at the Dillard's Bossier City store (hereinafter, referred to as the "2021" or "Dillard's" incident), Officer Turner, who was "off duty" at the time, manufactured a conflict with Matthews, yelled at him, threatened him with "mace," chased him towards the parking lot, and then charged him with the "false offenses of resisting, disturbing the peace, and simple assault." *Id.*, ¶¶ 32-35.

Second, on July 9, 2022, while Matthews again was shopping, this time at the Home Depot Bossier City location, Deputy Gilbert, who was "off duty" at the time, confronted Matthews, laid in wait for him, and attempted to create an oral confrontation. *Id.*, ¶¶ 23-24. When Matthews attempted to leave the store, he was stopped by two Bossier City Police officers, who eventually arrested him for simple assault and "language," on instructions from a "superior." *Id.*, ¶ 28. Matthews was booked into the Bossier City jail, whereupon, after a discussion with a higher ranking officer(s), a "special higher bond was placed on [Matthews], and he was jailed." *Id.*, ¶ 30. Matthews contends that Gilbert had a personal vendetta against him because he had sworn out a complaint against Gilbert regarding a prior altercation. *Id.*, ¶ 31.

---

cite to it as "Compl."

On another unspecified date, Matthews became ill and left the courthouse before one of his court appearances, which resulted in his bond being doubled. *Id.*, ¶¶ 37-39. As a result, Deputy Gilbert rearrested Matthews, instead of permitting him to post bond again on the same pending charge. *Id.* During the arrest, Gilbert repeatedly cursed Matthews and his son. *Id.*

Matthews maintains that he was not violating any laws at the time of the foregoing arrest(s) and that the charges served as mere pretext to punish him for exercising his "constitutional right to associate and converse peacefully shopping." *Id.*, ¶ 41. He asserts that Defendants conspired with one other to falsely cause his arrests, harassment, and malicious prosecution. *Id.*, ¶ 44.

Matthews asserted claims under 42 U.S.C. §§ 1983, 1985, and 1988 for violation of his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. *Id.*, ¶ 1. He also asserted claims for violations of his rights under the Louisiana Constitution and state tort law. *Id.* Matthews set forth nine "cause[s] of action" in his Complaint:

(1) violation of his right to free speech under the First Amendment to the U.S. Constitution,

(2) deprivation of his right to equal protection under the Fourteenth Amendment to the U.S. Constitution,

(3) violation of his right to free speech under the Louisiana Constitution,

(4) unlawful retaliation in contravention of the Louisiana Constitution,

(5) deprivation of his right to equal protection under the Louisiana Constitution,

(6) oral and physical battery,

(7) malicious prosecution,

(8) intentional infliction of emotional distress ("IIED"), and

(9) injunctive relief.

3

*Id*. ¶¶ 46-81.

In addition to his request for injunctive relief, Matthews also seeks an award of compensatory damages and reasonable attorney's fees. *Id*., Prayer.

On August 22, 2023, Defendants filed the instant compound motion for dismissal of Matthew's claims arising from the 2021 "Dillard's" incident on the basis that they are time-barred and otherwise to stay the remaining claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), until his still-pending criminal charges from the underlying incidents are resolved. In support of their motion, Defendants attached court minutes showing that, as of August 17, 2023, charges remain pending against Matthews stemming from both the 2021 and 2022 incidents that form the centerpiece of this case. (Bossier City Court Minutes Report; M/Dismiss, Exhs. 1-2 [doc. #s 9-2, 9-3]).

On September 8, 2023, Matthews filed his opposition to the motion to dismiss wherein he argued that, because he pled a conspiracy that is ongoing, evidence of the 2021 incident, plus "other 404(B) incidents" will be part of his "proof." (Pl. Opp. Memo., pg. 2). He further argued that *contra non valentum* suspended prescription of the 2021 incident because he did not become aware of the conspiracy until the July 2022 incident occurred. *Id*. Consequently, he concluded that his conspiracy cause of action remains timely. *Id*. Matthews added, in passing, that his state law claims were not prescribed because the criminal cases remain pending. *Id*.

As for the motion to stay, Matthews argued that he already had received discovery in the criminal cases, and, therefore, there was no "articulable reason" why discovery should not proceed in this civil case. *Id*., pg. 3. Matthews suggested that a stay will retard his efforts to obtain an injunction to "stop these illegal events." *Id*. In an effort to buttress the force of his claims in his Complaint, Matthews submitted a copy of Officer Turner's body camera footage

from the "Dillard's" incident, which, according to him, shows a "pattern of outrageousness." *Id.*, pgs. 3-4.

On September 12, 2023, Defendants filed a reply brief in response to Matthews' arguments. (Defs.' Reply [doc. # 12]). They also attached a copy of a letter from Matthews' attorney, expressing his interest in taking multiple depositions as soon as possible. (July 28, 2023 letter from R. Keene to L. Clark; Reply Brief, Exh. 1 [doc. # 12-1]). Finally, Defendants objected to Matthews' submission of Officer Turner's body camera footage because it was not relevant to the issues raised in the motion(s) and, in any event, unauthenticated.[2]

Accordingly, the matter is ripe.

## **Rule 12(b)(6) Motion**

### I. Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility

---

[2] The court has reviewed the body camera footage but agrees with Defendants that the specific details of the 2021 incident are not relevant to the issues presently before the court. Even if relevant, the video does not precisely endorse all of Matthews' allegations.

does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal,* 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 566 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Although limitations is an affirmative defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (citation omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," including public records. *Id.*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Because filings in other cases are public records, the court may take judicial notice of them. *See Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed. App'x. 617, 618 n.1 (5th Cir. 2015) (citations omitted). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

## II. Law and Analysis

Statutes of limitations serve as absolute bars to suit. *Nottingham v. Richardson*, 499 Fed. App'x. 368, 375 (5th Cir. 2012). However, there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Therefore, the courts must borrow the forum state's limitations period for personal injuries, including the state's provisions on tolling – so long as application of the rules does not undermine the goals of the federal statute at issue. *Id*. (citations omitted); *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989) (citation omitted); *see also Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citations omitted); *Owens v. Okure*, 488 U.S. 235, 249–50; 109 S.Ct. 573, 582 (1989). "In Louisiana, the applicable section 1983 limitation is one year." *Mejia v. Unknown Officers*, 168 F.3d 485 (5th Cir. 1999) (citing, *inter alia*, LA. CIV. CODE ART.

3492))

The Louisiana Civil Code provides that prescription runs against all persons, including absent persons and incompetents, unless exception is established by legislation. LA. CIV. CODE ART. 3467-3468. Louisiana recognizes three potential avenues to retard the running of prescription: suspension, interruption, and renunciation. *Bouterie v. Crane*, 616 So. 2d 657, 660 (La. 1993). Longstanding Louisiana jurisprudence recognizes a limited suspensive exception founded on the ancient civilian doctrine of *contra non valentem agere nulla currit praescriptio* where "in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." *Corsey v. State, Through Dep't of Corr.*, 375 So. 2d 1319, 1321 (La. 1979) (citations omitted). Typically,

> the doctrine of *contra non valentem* suspends prescription where the circumstances of the case fall into one of the following four categories:
>
> 1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> 2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> 3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
>
> 4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994) (citations omitted).

Although state law governs the limitations period and tolling exceptions, federal law determines when a cause of action arises. *Jackson,* 950 F.2d 263 at 265 (citation omitted). "A

cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action." *Ramon v. Rodriguez-Mendoza*, 372 Fed. App'x. 494 (5th Cir. 2010) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995)). Further, "[a] plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski,* 51 F.3d at 516 (citation omitted). In fact, "a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id*. (citation omitted).

For purposes of Matthews' state law claims, Louisiana law[3] provides that delictual actions, including claims for intentional infliction of emotional distress, defamation, false imprisonment and the like, are subject to a liberative prescription period of one year. LA. CIV. CODE ART. 3492; *Schaefer v. Peralta*, Civ. Action No. 16-17784, 2017 WL 6055153, at *3 (E.D. La. Dec. 7, 2017) (citations omitted); *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 187 (La. 1999) (claims for intentional infliction of emotional distress are governed by the one-year prescriptive period for delictual actions). State law constitutional claims also fall under Louisiana's one-year prescription for delictual actions. *Pope v. Stanley*, Civ. Action No. 17-1422, 2018 WL 11417825, at *4 (W.D. La. July 11, 2018) (citations omitted). The prescriptive period begins to run from the day injury or damage is sustained. *Nolan v. Jefferson Par. Hosp.*

---

[3] Here, neither side contests that the state law claims in this case are governed by Louisiana law. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed). Furthermore, where Louisiana's substantive law applies to the merits of an action, then so does Louisiana's law regarding prescription and peremption. LA. CIV. CODE ART. 3549(A).


*Serv. Dist. No. 2*, 790 So.2d 725, 730 (La. App. 5th Cir. 2001) (citation omitted).[4]

However, delictual actions that arise as a result of an act that is defined as a crime of violence under Title 14 of the Louisiana Revised Statutes are subject to a liberative prescription of two years. LA. CIV. CODE ART. 3493.10. Here, Matthews neither argued, nor established that Officer Turner committed a crime of violence pursuant to the 2021 incident. Moreover, where there are no allegations or evidence that the victim filed a complaint against the police officer, that the officer was charged with a crime, or that he was subjected to internal disciplinary action, the Louisiana intermediary courts have declined to apply the two-year prescriptive period, and, instead, have applied the one-year limitations period. *See Byrd v. Bossier Par. Sheriff*, 357 So.3d 582, 588 (La. App. 2d Cir. 2023); *Edwards v. Lewis*, 348 So.3d 269, 274 (La. App. 3d Cir. 2022).[5] Those circumstances are present here.

In sum, it is manifest that Matthews' § 1983 claims for alleged violations of his First, Fourth, and Fourteenth Amendments, plus his claims under the Louisiana Constitution and state tort law for battery and intentional infliction of emotional distress stemming from the Dillard's incident accrued on December 17, 2021, the date of his encounter with Officer Turner. Matthews, however, did not assert these claims until he filed the instant suit almost nineteen

---

[4] Damages ordinarily are sustained from the date injury is inflicted, so long as the injury is apparent to the victim, even though the extent of damages remains indeterminate. *Collinson v. Tarver Land Dev., LLC*, Civ. Action No. 11-1787, 2012 WL 688551, at *1 (W.D. La. Feb. 1, 2012), R&R adopted, 2012 WL 692193 (W.D. La. Mar. 2, 2012).

[5] There is no indication that the Louisiana Supreme Court would decide this issue differently. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (in the absence of a decision by the Louisiana Supreme Court on a given issue, federal courts are compelled to make an *Erie* guess).

months later. By then, and absent exception, it was too late.

In his brief, Matthews argues that *contra non valentum* suspended prescription for the December 2021 incident because he did not become aware of the conspiracy against him until after the July 2022 incident. He further maintains that, because he has asserted a conspiracy, evidence of the Dillard's incident and "other 404(B)" incidents will be part of his "proof." However, the Fifth Circuit has held that characterization of events as occurring in the course of a conspiracy does not extend the time when the statute of limitations begins to run. *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987);[6] *Williams v. Jackson*, 204 F.3d 1114 (5th Cir. 1999) (applicable test is when plaintiff "knew or should have known of the overt acts" which caused him "actionable injury," not when he knew or should have known that the overt acts were related to a conspiracy).

Moreover, "[c]haracterizing the defendants' separate wrongful acts as having been committed in furtherance of a conspiracy does not interrupt, suspend or otherwise postpone the accrual of claims based on individual wrongful acts." *Lucas v. Lightfoot*, 987 F.2d 771 (5th Cir. 1993). "Contra non valentum does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so." *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 394 (5th Cir. 2020) (quoted source omitted). In short, "once a claim has prescribed, it

---

[6] Further,

> [w]hile the statute of limitations for a federal criminal conspiracy charge does not begin to run until the last overt act pursuant to the conspiracy has been committed, the actionable civil injury to a plaintiff results from the overt acts of the defendants, not from the mere continuation of a conspiracy.

*Id*. (internal citation omitted).

cannot be revived by the filing of a lawsuit against other alleged co-conspirators, when the allegations are untimely as to the original defendant. To allow this would be to defeat the doctrine of prescription." *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, Civ. Action No. 03-442, 2004 WL 7334950, at *3 (M.D. La. May 10, 2004).

Nonetheless, the Fifth Circuit has recognized that, while a time-barred incident may not provide a basis for recovering damages as a result of that incident, plaintiff still may present evidence of that incident to the jury for other purposes such as showing a scheme to violate his rights. *See Turner v. Upton Cnty., Tex.*, 967 F.2d 181, 185 (5th Cir. 1992).[7] Relatedly, Defendants' motion does not seek dismissal of Matthews' conspiracy claim under 42 U.S.C. § 1985.

Finally, without citation to any authority, Matthews pronounced in his brief that his state law claims have not prescribed at all because the criminal cases remain pending. As it turns out, Matthews is correct as to his claims for malicious prosecution under § 1983 and state law,[8] because those claims do not accrue until the prosecution ends in the plaintiff's favor. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); *Frazier v. City of Kaplan, Louisiana*, Civ. Action No. 19-0082, 2019 WL 2494475, at *4 (W.D. La. June 4, 2019), *R&R adopted*, 2019 WL 2612774 (W.D. La. June 25, 2019); *Murray v. Town of Mansura*, 949 So.2d 419 (La. App. 3d Cir. 2006). Apart from the malicious prosecution claims under state and federal law, however,

---

[7] This caveat should address Matthews' concern about being able to present his "proof."

[8] In his Complaint, Matthews did not specify whether he was asserting his malicious prosecution claim under federal or state law, or both. However, because the same facts potentially support a claim under both laws, together with the maxim that plaintiff need not specify his theory of recovery in his complaint, the court will presume that he intended recovery under both schemes.

it is not readily apparent that any other state law claims have yet to accrue, nor has Matthews provided any support for this assertion.

Accordingly, the court finds that, with the exception of his malicious prosecution claims, Matthews' damages claims under 42 U.S.C. § 1983, the Louisiana Constitution, and state tort law, pertaining to the December 17, 2021 Dillard's incident, are untimely on the face of the complaint and subject to dismissal on that basis.

## **Motion to Stay**

Defendants seek to stay Matthews' remaining claims because of the pendency of his related criminal case(s). If Matthews is convicted of his pending charges, then he may not be entitled to seek relief for his claims until any conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to *pending* criminal matters, successful claims, under Matthews' allegations, could necessarily imply the invalidity of any future convictions.[9] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal

---

[9] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

charges).

One of Matthews' claims is that Defendants violated his rights under the Fourth Amendment, which, of course, protects against unlawful searches and seizures. Prevailing on an unlawful stop/detention claim could necessarily imply the invalidity of a future conviction. Such claims are predicated on a lack of reasonable suspicion and necessarily constitute collateral attacks on a conviction if the conviction is founded on evidence derived from the officer's reasonable suspicion and associated detention. *See Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995) (applying *Heck* to an unlawful vehicle stop clam); *Wallace v. Kato*, 549 U.S. 384, n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . .").

Matthews also claims that he was harassed and arrested in retaliation for exercising his freedom of speech. Prevailing on this retaliatory-arrest claim could necessarily imply the invalidity of a conviction because a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019); *Hartman v. Moore*, 547 U.S. 250 (2006) (absence of probable cause must be pleaded and proven to support § 1983 action against criminal investigators for inducing prosecution in retaliation for speech); *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008) ("Probable cause is an objective standard. If it exists, any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment.").

Matthews also raises assorted state constitutional and tort law claims, including battery and intentional infliction of emotional distress. Prevailing on these state law claims could necessarily imply the invalidity of a future conviction because the claims all emanate from his

14

arrests. *See Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021) ("Price's amended complaint re-asserts his state law claims against the officers . . . These torts—assault, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and other intentional torts—all stem from Price's arrest. Louisiana applies the *Heck* rationale to state law tort claims. . . . [T]hese state law claims imply the invalidity of the underlying conviction.") (footnote and cited sources omitted).

Ultimately, federal courts should stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* (emphasis added); *see Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (opining that courts *should* stay proceedings "until the pending criminal case has run its course . . . .").

Here, Matthews' claims are related to rulings that will likely be made concerning his pending charges. Accordingly, the court should stay these claims pending the outcome of Matthews' ongoing criminal prosecution.[10]

Matthews did not address the propriety of a stay pursuant to *Heck*. Instead, he argued

---

[10] *See Mackey*, 47 F.3d at 746 ("At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. . . . The court [should] stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("[I]f some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay . . . .").

that he should be permitted to proceed with discovery and that a stay will thwart his efforts to obtain an injunction. However, Matthews did not file a motion for preliminary injunction. Moreover, the Fifth Circuit has applied *Heck* to claims seeking injunctive relief. *Harris v. Monfra*, Civ. Action No. 19-13955, 2020 WL 5804116, at *16 (E.D. La. Aug. 13, 2020), *R&R adopted,* 2020 WL 5802663 (E.D. La. Sept. 29, 2020) (citing, *inter alia*, *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)).

Furthermore, it is manifest that a district court is authorized to stay a civil proceeding during the pendency of a parallel criminal proceeding. *U.S. v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (internal citation omitted). Indeed, it may do so when the interests of justice require such action. *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Courts typically consider several factors when determining whether a civil case should be stayed in favor of a criminal case; they include:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest.

*Villani v. Devol*, Civ. Action No. 15-CV-0852, 2016 WL 1383498, at *2 (M.D. La. Apr. 7, 2016) (internal citations omitted). However, the first factor – the similarity of issues between the civil and criminal actions – is considered the most important threshold issue. *Id.* (internal citation omitted).

Weighing the foregoing factors, the court finds that a stay is appropriate. As to the first factor, the cases overlap significantly. While it may turn out that fewer than all of Matthews'

claims are implicated by a criminal conviction, any criminal conviction would significantly impact at least some of his claims. See discussion, *supra*.

Second, Matthews has been formally charged with simple assault and disturbing the peace. Although the case has not been set for trial, it was scheduled for further proceedings.

Third, while the undersigned acknowledges the alleged hardships Matthews has faced as a result of his recurring run-ins with the law, together with the importance of his claims, Matthews will not suffer material prejudice if the case is stayed until after the resolution of his criminal trial. Importantly, this instant case is still in its infancy. If Matthews seeks to proceed expeditiously with his criminal charges, then a stay will not result in an inordinate delay. Indeed, no scheduling order has been issued in this case. Moreover, Defendants have yet to file an answer.

Fourth, the prosecution in Matthews' criminal case, which is aligned with Defendants in this case, has an interest in not disclosing evidence and trial strategy prematurely. *See Alexander*, 2016 WL 4926208, at *3. The Fifth Circuit has said that,

> [a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Matthews argues that he already has received all discovery in his criminal case. Nonetheless, he also wishes to proceed with Defendants' depositions in this case, which could result in the disclosure of information that he could use in the criminal trial.

17

Fifth, staying the case will promote judicial economy and expediency. *Alexander*, 2016 WL 4926208, at *3; *see also Doe v. Morris*, No. 11-CV-1532, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012) (internal citation omitted). Although the court and the public have an interest in the efficient administration of justice, the outcome of the criminal case could render a number of Matthews' claims moot, *see* discussion, *supra*, or otherwise streamline the instant case, thereby reducing the overall time and resources needed to resolve this suit.

Finally, while the public has an interest in the timely resolution of civil rights cases, "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Alexander*, 2016 WL 4926208, at *4 (quoting *Whitney Nat. Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, Civ. Action No. 04-CV-2220, 2007 WL 1468417, at *4 (S.D. Tex. May 18, 2007). Thus, this factor, like the rest, weighs in favor of staying the instant case pending the outcome of the criminal case.

In sum, the undersigned finds that Defendants have established that the instant suit should be stayed until Matthews' related criminal proceedings are resolved.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the Rule 12(b)(6) motion for partial dismissal [doc. # 9] filed by Defendants City of Bossier City, Robbie Gilbert, and Danny Louis Turner be GRANTED IN PART and DENIED IN PART, and that, with the exception of the malicious prosecution claims, Plaintiff's damages claims under 42 U.S.C. § 1983, the Louisiana Constitution, and state tort law, attributable to the December 17, 2021 incident, be DISMISSED, WITH PREJUDICE, as time-barred. FED. R. CIV. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that Defendants' motion to stay [doc. # 9] Plaintiff's remaining claims, pending resolution of the related criminal proceedings, be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 9th day of November, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE